# EXHIBIT A

Case 1:25-cv-06211-RA    Document 1-1    Filed 07/29/25    Page 2 of 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| YASIN MAHDI,<br><br>                                Plaintiff,<br><br>            v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>                                Defendant. | Index No.<br><br>**SUMMONS** |

To:     [Defendant] **MIDLAND CREDIT MANAGEMENT, INC.**
c/o CORPORATION SERVICE COMPANY [Registered Agent]
80 State Street
Albany, NY 12207-2543

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is NY CPLR § 503(a) based on Defendant MIDLAND CREDIT MANAGEMENT, INC.'s residence in New York County, New York.

Dated: New York, New York
         April 25, 2025

Brian L. Ponder, Esq.
BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151-0099
Telephone: (646) 450-9461 (not for service)
Email: brian@brianponder.com (not for service)
ATTORNEY FOR PLAINTIFF

Case 1:25-cv-06211-RA    Document 1-1    Filed 07/29/25    Page 3 of 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| YASIN MAHDI,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Index No.<br><br>**VERIFIED COMPLAINT AND JURY DEMAND** |

Plaintiff Yasin Mahdi ("Plaintiff" or "Mr. Mahdi") as and for Verified Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Defendant" or "MCM") alleges:

### I.    NATURE OF THE ACTION

1. This is a civil action for actual, statutory, and punitive damages brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Plaintiff seeks redress for unlawful debt collection and credit reporting practices committed by Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM" or "Defendant").

### II.    PARTIES

3. Plaintiff Yasin Mahdi is a natural person or individual.

4. Plaintiff is allegedly obligated to pay an alleged debt to MCM.

5. The alleged debt that Plaintiff is allegedly obligated to pay an alleged debt to MCM is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction was primarily for personal, family, or household purposes.

6. Defendant Midland Credit Management, Inc. is a Delaware corporation.

7. Defendant Midland Credit Management, Inc. principal place of business at 320 E Big Beaver Rd., Suite 300, Troy, Michigan 48083.

8. Defendant Midland Credit Management, Inc. is regularly and systematically conducting business, including the collection of debts from consumers, within New York County, New York, since on or about May 2003 to present.

## III.    JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to CPLR §§ 301 and 302.

6. Venue is proper in this Court pursuant to CPLR § 503 as Defendant conducts business within New York County.

## IV.    FACTUAL ALLEGATIONS

7. The alleged debt arises from a Citibank Simplicity credit card account ending in 6533 ("Alleged Debt").

8. On or about January 10, 2024, Plaintiff timely disputed the Alleged Debt by written communication to Defendant pursuant to 15 U.S.C. § 1692g(b).

9. Plaintiff requested documentary evidence including a signed contract, full itemization of charges, and proof of the chain of title.

10. On or about January 25, 2024, Defendant responded but failed to provide the requested documents, instead improperly shifting the burden onto Plaintiff to substantiate his dispute.

11. On or about February 12, 2024, Plaintiff sent a second dispute letter reiterating his demand for validation and cease collection.

12. On or about June 12, 2024, Defendant falsely stated that Plaintiff had invoked a cease communication request under 15 U.S.C. § 1692c(c), which Plaintiff had never done.

INDEX NO. 155434/2025
RECEIVED NYSCEF: 04/25/2025

13. Defendant used this false claim to justify threatening attorney referral and litigation against Plaintiff.

14. On or about September 24, 2024, Defendant filed a collection lawsuit against Plaintiff in Racine County, Wisconsin small claims court.

15. Defendant reported the Alleged Debt to consumer reporting agencies Experian and TransUnion as a collection tradeline without marking it as disputed after receipt of Plaintiff's disputes.

16. As a direct result of Defendant's inaccurate and incomplete reporting, Plaintiff's FICO credit scores were materially lowered, and Plaintiff was denied credit opportunities.

17. Plaintiff suffered financial harm, emotional distress, humiliation, and mental anguish as a direct and proximate result of Defendant's alleged conduct described herein.

## V.    CLAIMS FOR RELIEF

### COUNT I

### Violation of the FDCPA — 15 U.S.C. § 1692g(b)

18. Plaintiff repeats and realleges paragraphs 1 through 17 as if fully set forth herein.

19. Defendant failed to cease collection activity and failed to provide proper validation of the Alleged Debt, in violation of 15 U.S.C. § 1692g(b).

### COUNT II

### Violation of the FDCPA — 15 U.S.C. § 1692e(5), 1692e(8), and 1692f

20. Plaintiff repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

21. Defendant misrepresented Plaintiff's communications, threatened litigation under false pretenses, and used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. §§ 1692e(5), 1692e(8), and 1692f.

## COUNT III

### Violation of the FCRA — 15 U.S.C. § 1681s-2(b)

22. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

23. After receiving Plaintiff's disputes, Defendant continued to report inaccurate information concerning the Alleged Debt to consumer reporting agencies ("CRAs"), including, but not limited to, Experian Information Solutions, Inc. dba Experian, without marking the tradeline as disputed.

24. Defendant failed to conduct a reasonable investigation of the disputes and failed to correct the inaccurate reporting.

25. Defendant's alleged conduct caused Plaintiff's credit scores to decrease and caused actual damages, including credit denials, higher costs of credit, and emotional distress.

### VI.    JURY DEMAND

26. Plaintiff demands a trial by jury on all issues so triable.

### VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a) Actual damages pursuant to 15 U.S.C. §§ 1692k and 1681n;

(b) Statutory damages pursuant to 15 U.S.C. §§ 1692k and 1681n;

(c) Punitive damages pursuant to New York common law;

(d) Attorney's fees and costs pursuant to 15 U.S.C. §§ 1692k and 1681n;

(e) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: New York, New York
  April 25, 2025      Brian L. Ponder, Esq.

Case 1:25-cv-06211-RA    Document 1-1    Filed 07/29/25    Page 7 of 8

BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151-0099
Telephone: (646) 450-9461 (not for service)
Email: brian@brianponder.com (not for service)
ATTORNEY FOR PLAINTIFF

Case 1:25-cv-06211-RA    Document 1-1    Filed 07/29/25    Page 8 of 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| YASIN MAHDI,<br><br>       Plaintiff,<br><br>  v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>       Defendant. | Index No.<br><br>**PLAINTIFF 'S VERIFICATION PURSUANT TO NY CPLR § 3020** |

STATE OF <u>Texas</u> )
          ) ss.:
COUNTY OF <u>Harris</u> )

  I, **Yasin Mahdi**, the Plaintiff in the within action, being duly sworn, deposes and says:

I have read the foregoing **Verified Complaint and Jury Demand** and know the contents thereof. The same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

  The reason this verification is made by me and not by my attorney is because the facts are within my personal knowledge.

Dated: New York, New York
  April 25, 2025

*Yasin Mahdi*
_____
Yasin Mahdi

Sworn to before me this
25th day of April, 2025

_____) Notary Public, State of Texas
LaToya Cormier
Notary Public

State of <u>Texas</u>

Commission No. <u>13172007-5</u>

My Commission Expires: <u>09/12/2026</u>

**LaToya Cormier**
_____
ID NUMBER
13172007-5
COMMISSION EXPIRES
September 12, 2026

Electronically signed and notarized online using the Proof platform.